IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| AZAEL DYTHIAN PERALES, | OPINION AND ORDER |
| Petitioner, | |
| | 12-cv-242-wmc |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Respondents. | |

---

| | |
|---|---|
| AZAEL DYTHIAN PERALES, | OPINION AND ORDER |
| Plaintiff, | |
| | 12-cv-243-wmc |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

---

Azael Dythian Perales has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging "cruel and inhuman treatment" by multiple respondents. He also has filed a complaint under 42 U.S.C. § 1983, alleging that these same respondents have violated the California Penal Code and a wide assortment of federal statutes. Perales has requested leave to proceed *in forma pauperis* in both of these cases. For reasons stated briefly below, Perales may not proceed under any of the theories alleged in his pleadings.

OPINION

Perales describes himself as a "homeless" individual living in Fullerton, California. He has filed suit in these cases against a lengthy list of respondents and defendants for "maladministration" and unspecified mistreatment. Those respondents/defendants include the United States of America, the President of the United States, multiple federal and federal officials, random members of the United States Senate and Congress, all of the justices on the United States Supreme Court as well as the Wisconsin Supreme Court and Court of Appeals, Wisconsin Governor Scott Walker, members of the Wisconsin House of Representatives and the Wisconsin Senate, various Wisconsin municipalities, a former employer (Forever 21 Retail, Inc.), the CEO of Wal-Mart and several other corporations, Oprah Winfrey, Bill and Melinda Gates, and too many other individuals to mention.

Perales does not allege facts showing that he is "in custody" for purposes of pursuing relief under the federal habeas corpus statutes. *See* 28 U.S.C. § 2241. Even if the court were to assume that this element is met, Perales does not demonstrate that he is in custody within this court's jurisdiction; nor does he assert cogent grounds for relief under § 2241. For this reason, Perales fails to state a claim upon which habeas corpus relief can be granted.

To the extent that Perales attempts to proceed with a civil rights complaint under 42 U.S.C. § 1983, the statute that governs cases filed without prepayment of the filing fee requires the reviewing court to "dismiss the case at any time if the court determines" that the "action or appeal is (1) "frivolous or malicious," (2) "fails to state a claim on

2

which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(b).

The pleadings submitted by Perales are disjointed, incoherent and appear to have no an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (A complaint may be dismissed as frivolous when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible."). Likewise, public records show that Perales has filed more than 70 similar civil actions in federal district courts throughout the nation since 2009. In this court's view, his pleadings qualify as both frivolous and malicious. *See Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) ("Malicious," although sometimes treated as a synonym for frivolous, "is more usefully construed as intended to harass."). Therefore, the court concludes that any civil rights claim by Perales is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(1).

ORDER

IT IS ORDERED that the motions for leave to proceed *in forma pauperis* filed by Plaintiff Azael Dythian Perales are DENIED and both of his cases, No. 12-cv-242-wmc and No. 12-cv-243-wmc, are DISMISSED with prejudice.

Entered this 3rd day of October, 2012.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge

3